IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Reginald Miller, #261476, ) | Civil Case No. 2:15-cv-00019-RMG-MGB |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 27; *see also* Dkt. No. 28.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner filed this habeas action on January 5, 2015. (Dkt. No. 1.) On August 26, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 27; *see also* Dkt. No. 28.) By order filed the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 28.) On October 7, 2015, Petitioner filed his Petitioner's Travese[sic]/Objection to Memorandum of Law in Support of Motion for Summary Judgment. (Dkt. No. 31.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at McCormick Correctional Institution. The grand jury in Spartanburg County indicted Petitioner in May of 2006 for unlawful conduct toward a

child (2006-GS-42-1548), trafficking in cocaine (2006-GS-42-1549), trafficking in cocaine greater than 28 grams (2006-GS-42-1550), and trafficking in crack cocaine greater than 10 grams (2006-GS-42-1551). (Dkt. No. 28-1 at 104-109, 115-116.) Thomas A.M. ("Tam") Boggs, Esq. ("Counsel"), represented Petitioner at trial. On June 15, 2006, Petitioner was convicted *in absentia* by a jury of trafficking in cocaine greater than 28 grams (2006-GS-42-1550) and trafficking crack cocaine greater than 10 grams (2006-GS-42-1551). (Dkt. No. 38-1 at 165-66.) Judge Doyet A. Early, III ("the trial judge") sealed the Petitioner's sentence following the jury trial.[1] (Dkt. No. 28-2 at 103-105.) Counsel successfully argued before Judge Early to sentence Petitioner to first offenses.[2] (*Id.*) Judge J. Cordell Maddox, Jr. pronounced sentence on Petitioner on April 13, 2007, after Petitioner was picked up on a bench warrant. (*Id.* at 109-113.) Judge Maddox unsealed and formally imposed Judge Early's sentence on Petitioner of twenty-three years imprisonment and a $50,000 fine for trafficking in cocaine greater than 28 grams (2006-GS-42-1550) and a concurrent sentence of ten years imprisonment for trafficking in crack cocaine greater than 10 grams (2006-GS-42-1551). (*Id.*) Judge Maddox gave Petitioner credit for time served in the North Carolina Department of Corrections beginning August 1, 2006. (*Id.*) Petitioner had pled guilty to the unlawful child neglect charge before his trial. The other indicted offense was *nolle prossed* by the Solicitor's Office.

---

[1] When a criminal defendant is tried *in absentia* in South Carolina, the trial court must seal the defendant's sentence. The sentence may not be unsealed until the defendant is brought before the court. See *State v. Thompson*, 355 S.C. 255, 259, 584 S.E.2d 131, 133 (Ct. App. 2003); *see also State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) (holding that "[w]hen a defendant is tried *in absentia*, judgment is not final until the sealed sentence is opened and read.")

[2] The State argued these convictions qualified as third or subsequent offenses.

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals by way of an *Anders* brief.[3] Petitioner was represented in the appeal by Katherine Hudgins of the South Carolina Commission on Indigent Defense. Petitioner raised the following issue to the Court of Appeals (verbatim):

> 1. Did the trial court err in admitting the alleged cocaine and crack cocaine into evidence when the State failed to established a sufficient chain of custody.
>
> 2. Did the trial court err in allowing Margaret Greer to testify at trial when she was not listed on the prosecution's witness list as a prosecution witness, which violated the disclosure rules as set forth in Rule-5, of the SCRCrimP.

(Dkt. No. 28-1 at 90.) On January 25, 2010, the South Carolina Court of Appeals issued an unpublished opinion affirming the conviction by dismissing the appeal and granting Ms. Hudgins' request to withdraw. *State v. Miller*, Op. No. 2010-UP-020 (filed January 25, 2010); (Dkt. No. 28-1 at 101-02.) The Remittitur was returned February 10, 2010. (Dkt. No. 28-1 at 103.)

Petitioner filed his application for post-conviction relief (PCR) on December 30, 2010, and filed an amendment on March 31, 2012. Respondent made its Return on July 17, 2012. An evidentiary hearing was held January 11, 2013, before Judge J. Derham Cole ("the PCR Court"). (Dkt. No. 28-1 at 24-25.) The Petitioner was present at the hearing and was represented by J. Falkner Wilkes, Esq. At the hearing, the Petitioner and Ebony Scruggs testified on Petitioner's behalf. (*Id.*) Counsel testified as well. (*Id.*) At the PCR hearing, the Petitioner alleged the following allegations:

> 1. Ineffective assistance of trial counsel, in that;
>    a. Counsel failed to prepare for trial,
>    b. Counsel failed to do pre-trial investigation,
>    c. Counsel waived opening and closing statements,

---

[3] *Anders v. State of Cal.*, 386 U.S. 738 (1967).

> d. Counsel failed to make a motion for mistrial or motion for acquittal,
> e. Counsel failed to conduct meaningful cross-examination,
> f. Counsel failed to call court's attention to substantial change in evidence that was subject to chain of custody or object to introduction of that evidence,
> g. Counsel failed to object to probable cause for Applicant's arrest.

(Dkt. No. 28-1 at 5.) On July 10, 2013, the PCR Court issued its Order of Dismissal denying and dismissing the PCR Application with prejudice; it was filed on July 15, 2013. (Dkt. No. 28-1 at 4-16.) The Petitioner filed a Rule 59, SCRCP, Motion to Alter or Amend, which was denied on September 23, 2013, in a written Order. (Dkt. No. 28-1 at 18.)

Falkner Wilkes, Esq., represented the Petitioner on appeal of the PCR court in a Petition for Writ of Certiorari to the South Carolina Supreme Court on June 4, 2014. (Dkt. No. 28-3.) The Petition for Writ of Certiorari raised the following issue:

> The questions presented for review are whether petitioner was denied due process by the State rushing the case to trial four months after the Petitioner's arrest and, whether Petitioner is entitled to relief based on ineffective assistance of trial counsel.

(*Id.* at 4.) On December 4, 2014, the South Carolina Supreme Court denied the petition for writ of certiorari. (Dkt. No. 28-5.) The Remittitur was issued on December 22, 2014. (Dkt. No. 28-.)

The Petitioner filed the instant habeas petition (Dkt. No. 1) on January 5, 2014, wherein he raised the following grounds for review (verbatim):

> **GROUND ONE: Supporting facts:** Counsel failed to prepare for trial. Counsel testified to the following facts. "my point being as I was trying, I was preparing for two other trials. That was at trial. At PCR counsel testified to: Q. Did you expect it really go to trial at four months old? A. NO of course not. I think he hired me too a month after that, so I had, had the case about three months. Counsel waived opening and closing statements. Counsel testified to the following facts. Counsel waived opening statement trial pg 22 line 12" Mr. Boggs: waived opening your Honor. Trial pg. 58, line 19-21. "I mean I know I'm smiling. But I'm serious. I don't' have any closing argument. PCR pg. 13, line 2-4. A-Okay and is it normal practice not to give either an opening or closing? A. No for me.

> Counsel successfully objected to the State's witness testimony regarding outstanding warrant on Petitioner. Trial pg. 24, line 5-8. The defendant had a pending arrest warrant on him. Mr. Boggs: Objection. The Court: sustained. At that point counsel should have expressed concern regarding how the state could not demonstrate probable cause for the search of petitioner's person, and his subsequent arrest. Counsel should have further argued to the court that for the state's witnesses to take stand. Trial pg 23, line 23-24 claim A. "We through the use of a confidential informant, had set up a deal to purchase (something) to which the state had to stop the witnesses's testimony at that point. For that information was gained through hearsay because that information came from the CI; to which counsel should have argued is highly prejudicial if that person was not going to be called as a witness. The officer's testimony is only hearsay.
> Further, counsel should have made a closing argument arguing that the foundation had not be laid on the separate charge, which is the stop and seizure of Petitioner's person. There was certainly no consent to search. Counsel should have objected at time the introduction of that evidence. Because there was a total lack of evidence in this case for the basis for the arrest. There is no clear evidence in the record to show what Petitioner was arrested for. The drugs found on the Petitioner formed the basis for his conviction, to which there was no indicia of probable cause nor a reasonable suspicion.
>
> Further counsel failed to request a missing witness charge to the CI who didn't testify. Based off the following facts previous stated, counsel should have made a closing argument that petitioner should be acquitted of charges, based off the total lack of probable cause. Petitioner denied due process refer to Motion Rule 59(e).

## FACTS PRESENTED AT TRIAL

Officers with the Spartanburg County Sheriff's Office were conducting surveillance on *Boots and Sonny's* restaurant in Spartanburg on February 9, 2006. (Dkt. No. 28-2 at 61.) The officers had arranged a drug transaction with the Petitioner through a confidential informant to take place at the restaurant.[4] (*Id.* at 60.) They observed the Petitioner arrive, and officers began to approach the vehicle. (*Id.*) As they approached, the Petitioner exited the passenger side of the vehicle and ran toward the restaurant. (*Id.*) Before the Petitioner could be apprehended, he grabbed the door of the restaurant and a bag of cocaine in his hand ruptured. (*Id.* at 69.) White powder scattered and "went everywhere." (*Id.*) The Petitioner was then apprehended and taken to

---

[4] The Petitioner had an active arrest warrant for trafficking in cocaine based on a sale to a confidential informant two days prior.

the ground. (*Id.*) When police rolled the Petitioner over, the Petitioner had in his hand under his body over 51 grams of powder cocaine in the plastic bag. (*Id.*) Upon searching the Petitioner, he had a set of digital scales used for weighing drugs in his pocket. (*Id.*) Upon searching Petitioner at the Spartanburg County Detention Center, the Petitioner informed the officer searching him that he had more drugs in his boxers. (*Id.* at 70-71.) The Petitioner recovered the drugs from his boxers and gave approximately 20 grams of crack cocaine to the officer. (*Id.*)

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134

F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 31 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## DISCUSSION

The undersigned recommends that Respondent's Motion for Summary Judgment (Dkt. No. 27) be granted. As the Petitioner listed all of his allegations under Ground One, this court will break out the issues raised in Ground One for individual analysis.

### A. Procedural Bar and Default

Two of the Petitioner's claims are procedurally barred. The Petitioner alleges that counsel was insufficient in failing "to request a missing witness charge to the CI who didn't testify." (Dkt. No. 1 at 8.) Similarly, the Petitioner alleges Counsel was insufficient in failing to

argue that the confidential informant had to take the stand. (*Id*. at 7.)  Neither of these grounds was raised before the PCR court or ruled on by the PCR court.  Additionally, neither was raised in his Petition for Writ of Certiorari to the South Carolina Supreme Court. (Dkt. No. 28-3.) Therefore both are procedurally barred.  *See Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision"); *Miller v. Padula*, C.A. No. 2:07-3149-PMD, 2008 WL 1826495, at *10 (D.S.C. Apr. 23, 2008) (concluding the petitioner's claim that Counsel was ineffective for failing to challenge the lack of timely action on the arrest warrant was not properly exhausted because the claim was not raised during the PCR hearing, and "[a]n issue not ruled upon by the PCR judge is not preserved for review on appeal," and the petitioner's "attempt to raise the new issue in his post-trial motion was insufficient to preserve the issue for appeal").[1]

### B. Ineffective Assistance of Counsel

The Petitioner alleged that Counsel was ineffective in two principal ways.  First, the Petitioner alleges that Counsel failed to prepare for his trial resulting in Counsel waiving opening

---

[1] Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995), or abandonment by counsel. *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)). As discussed *infra*, the Petitioner faced overwhelming evidence in support of the State's case. The Petitioner has not made any showing sufficient to overcome the procedural bar.

and closing arguments. (Dkt. No. 1 at 6-7.) Secondly, the Petitioner alleges that Counsel was ineffective by failing to challenge the search of his person that led to the drugs being found. (*Id.* at 7-8.)

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id*. While *Strickland* itself is a deferential standard, when both § 2254(d) and *Strickland* apply, "review is doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

### a. Counsel's Preparation for Trial

The Petitioner asserts that Counsel failed to prepare for his trial because of other trials Counsel had on the trial docket resulting in Counsel waiving opening and closing arguments. (Dkt. No. 1 at 6-7.) At the PCR hearing, the Petitioner testified that Counsel informed him that he was not prepared for the Petitoner's trial and had only been able to push the trial off for one day. (Dkt. No 28-1 at 51-52). The Petitioner testified he fled because he was afraid he would lose the trial because Counsel was not prepared. (*Id.* at 52.) Counsel testified that he did not remember telling Petitioner that he could not be prepared to go to trial as quickly as the case was called. (*Id.* at 32.) At the PCR hearing, Counsel was asked if he "devote[d] a lot of time to the preparation of this case." (*Id.* at 33.) Counsel responded, "[w]ith what we had I did, but…[I] didn't have time to develop this potential disclosure motion or the suppression motion. So…that ultimately had to be tried and developed during the trial itself." (*Id.* at 33-34.) Counsel testified he did not give an opening statement because he "didn't feel it would benefit me getting up and saying anything to a jury when I didn't know exactly what the testimony was going to be….I didn't want to tell them this will happen when, in fact, it doesn't." (*Id.* at 35.) Counsel testified that the reason he did not give a closing was because the only apparent issue in the case was the suppression of the drugs, which had been denied and could be appealed. (*Id.* at 35-36.)

The PCR court considered the testimony before it regarding Counsel's preparation and investigations, and the court found the allegations lacked merit. This court finds the PCR court's law and analysis to be correct and agrees with the PCR court. The "brevity of time spent in consultation, without more, does not establish that counsel was ineffective." *Easter v. Estelle*, 609 F.2d 756, 759 (5th Cir. 1980). To establish counsel was inadequately prepared, an applicant

must present evidence of what counsel could have discovered or what other defenses could have been pursued had counsel been more fully prepared. *Jackson v. State*, 329 S.C. 345, 495 S.E.2d 768 (1998); *Skeen v. State*, 325 S.C. 210, 481 S.E.2d 129 (1997) (applicant not entitled to relief where no admissible evidence presented at PCR hearing to show how additional preparation would have had any possible effect on the result at trial). When claims of ineffective assistance of counsel are based on lack of preparation time, the petitioner must show specific prejudice. *U. S. v. LaRouche*, 896 F.2d 815 (4th Cir. 1990).

The Petitioner failed to present any evidence at his PCR hearing to show what could have been discovered or what additional defenses could have been raised. The Petitioner did not show he suffered any specific prejudice based on the preparation of his Counsel. Counsel testified that he did devote "a lot of time" to the Petitioner's case. The PCR court considered Counsel's decision not to give an opening statement and the reasons for it. Counsel testified to a specific trial strategy for not giving an opening. It is not this court's place to second guess Counsel's decision.

Counsel testified that he did not deliver a closing argument because the only apparent issue in the case was the suppression of the drugs. (Dkt. No. 28-1 at 35-36.) Counsel stated being given more time to prepare would not have affected his decision to waive closing argument. *Strickland* is the proper test to determine if counsel was ineffective in failing to give a closing argument. *Bell v. Cone*, 535 U.S. 685, 697 (2002). In *Bell,* trial counsel made the purposeful decision to waive his closing in order to preclude an experienced prosecutor from delivering the state's closing. *Id*. at 699. The *Bell* Court ruled on the first prong of *Strickland* that "counsel's conduct falls within the wide range of reasonable professional assistance because

it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Id*. at 702.  In the case at bar, Counsel's decision to waive closing is not such a clear trial strategy.  However, Petitioner still must demonstrate the second prong of *Strickland* to prevail.

  Regardless of whether Counsel's performance was deficient, the Petitioner has not shown that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  The evidence against the Petitioner was more than overwhelming.  The evidence was uncontroverted at trial and now.  During the Petitioner's trial, two sheriff's deputies with the Spartanburg County Sheriff's Office testified to the events preceding the Petitioner's arrest. (Dkt. No. 28-2 at 59-73.) A controlled buy was set up through a confidential informant to buy cocaine from the Petitioner at the restaurant. (*Id.* at 60.)  The Petitioner was the target of the investigation. (*Id.*)  The Petitioner arrived at the restaurant as expected. (*Id.* at 61.)  The Petitioner fled out of the passenger side of the car he was occupying as law enforcement approached. (*Id*.) The Petitioner had a bag of cocaine powder in his hand that ruptured when he attempted to grab the handle of the restaurant door. (*Id.* at 69.)  The powder went everywhere in plain view. (*Id.*)  The cocaine remaining in the bag was retrieved out of Petitioner's hand. (*Id.*)  The second bag containing crack cocaine was given to law enforcement by the Petitioner at the detention center when asked if he had any other drugs on his person. (*Id.* at 70-71.)  The drugs were tested by a chemist and confirmed to be cocaine and crack cocaine. (*Id.* at 79, 87.)  The Petitioner has not shown how additional time for Counsel to prepare would have made any difference in light of the evidence against him.  The Petitioner has not shown how giving an opening statement or closing argument would have had any chance of changing

the outcome of the case in light of the vast evidence of guilt. This court finds that the PCR court's application of the relevant standards under *Strickland* was neither objectively unreasonable nor contrary to clearly established federal law.

### b. Counsel's Failure to Challenge Search

The Petitioner asserts that Counsel was ineffective by failing to challenge the search of his person that led to the drugs being found. (*Id*. at 7-8.) The Petitioner argues the search should have been challenged when Counsel objected to mention of his prior arrest warrants, when the drugs were offered into evidence, and during closing argument to the jury. (*Id.*) The Petitioner states that "there is no clear evidence in the record to show what Petitioner was arrested for. The drugs found on the Petitioner formed the basis for his conviction, to which there was no indicia of probable cause nor a reasonable suspicion." (*Id.* at 8.)

The Petitioner's argument is that the police had no reason to stop him or search him and that Counsel failed to raise this argument at trial. This ground was raised at the Petitioner's PCR hearing and ruled on by the PCR Court. The PCR court ruled as follows on this issue:

> Regarding Applicant's allegation that Counsel failed to object to the probable cause for Applicant's arrest, this Court finds that this allegation lacks merit and this Court finds that the Applicant has failed to meet his burden of proof as to this claim. The Applicant introduced a copy of the arrest warrant #K-77750 as Applicant's Exhibit #2, noting that this was the arrest warrant which the Sheriff's Office was attempting to serve on Applicant when he was arrested for this charge. However, the Applicant failed to offer any evidence that there was anything faulty with this arrest warrant. This Court notes that the charge Applicant faced at trial was as a result of drugs discovered following his attempt to flee from the arrest, when he fell and the bag containing cocaine was discovered under his body.
> Counsel testified that he was aware of the arrest warrant and of the fact that the arrest warrant had been issued based on a confidential informant buy two days earlier. Counsel testified that although there was a reference to a phone call between a confidential informant and Applicant, which led to his appearance at the restaurant on that day, he cannot remember if he was provided a copy of that phone call.

> This Court finds that the Applicant failed to offer any evidence to show that the arrest warrant from a prior drug sale was invalid or that if Counsel had attacked the probable cause for the arrest warrant, that it would have affected the trial. This Court notes that the Applicant attempted to flee when approached by the police at the restaurant and was subsequently charged with drugs found on his person when captured, not with anything related to the arrest warrant. Accordingly, this Court finds that the Applicant has failed to meet his burden of proof as to this claim and failed to establish that the outcome of his trial would have been different had Counsel made any motion or attack regarding the arrest warrant. Therefore, this claim is denied and dismissed.

(Dkt. No. 28-1.)

This court finds that the PCR Court reasonably applied the law based on a reasonable application of the facts. The Fourth Circuit has held that drugs in plain view of officers created probable cause for arrest. *United States v. Keen*, 200 F. App'x 218, 219 (4th Cir. 2006). Additionally, "[s]earches incident to arrest are a well established exception to the warrant requirement." *Id.* (citing *United States v. Thornton,* 325 F.3d 189, 192 (4th Cir. 2003)). The deputies were in possession of a valid arrest warrant at the time they approached the Petitioner. There is no law to support that they needed a search warrant to search the Petitioner when he was arrested pursuant to the valid arrest warrant. The cocaine was in plain view as it erupted out of the Petitioner's hand. This falls within the plain view exception. Any attempt by Counsel to challenge Petitioner's arrest and search would have been futile, and there is no probability such a challenge could have changed the outcome of his trial.

### C. Violation of Due Process

The Petitioner asserts that he was denied due process and cites to the Rule 59(e) motion filed by his PCR counsel in response to the PCR Court's Order of Dismissal. (Dkt No. 1 at 8.) The Petitioner did not develop this ground or make any argument. Reviewing the Rule 59(e) motion, the Petitioner's PCR counsel argued that the PCR Court failed to address *State v.*

*Langford*, 400 S.C. 421, 735 S.E.2d 471 (2012). (Dkt. No. 28-1 at 21-22.)  The motion argues that the Solicitor's actions amounted to "trial by ambush" by trying the Petitioner's case when it was only four months old. (*Id.*)  PCR counsel argued that this led to Counsel being unprepared for trial. (*Id.*)  The PCR Court denied the motion. (Dkt. No.28-1 at 18.)

As already discussed *supra*, Counsel was not ineffective in his preparation for trial.  To the extent the Petitioner is arguing that the Solicitor violated his due process rights by calling his case for trial, the Petitioner has failed to show he has suffered any prejudice.  *Langford* held that S.C. Code § 1-7-330, which gave control of the state criminal docket to the Circuit Solicitors, was unconstitutional because the statute gave an inherently judicial function, to control the order of how it was to hear and decide cases, to the executive branch.  *State v. Langford*, 400 S.C. 421, 436, 735 S.E.2d 471, 479 (2012).  In holding that the manner in which cases are called is a judicial function, the *Langford* court also held that "a defendant has 'no vested right in the order in which cases are assigned for trial.'" *Id.* at 437 (quoting *Levine v. United States,* 182 F.2d 556, 559 (8th Cir.1950)).  The Petitioner's Rule 59(e) motion argued that calling the Petitioner's case for trial before older cases that were noticed for trial caught the Petitioner's trial counsel off-guard and unprepared. (Dkt. No. 28-1 at 21-22.)  The Petitioner has made no claim his case was not properly noticed for trial.  As stated in *Langford*, Petitioner does not have any right to have his case called in any particular order.

Even if Petitioner could somehow prove his due process rights were violated by the Solicitor, the Petitioner has failed to show he suffered prejudice.  "To warrant reversal, Langford must demonstrate that he sustained prejudice as a result of the solicitor setting when his case was called for trial." *Langford*, 400 S.C. at 436, 735 S.E.2d at 479.  The *Langford* court held that Mr. Langford had not been prejudiced and upheld his conviction.  In the case at bar, the Trial Court

heard the Petitioner's Motion for Continuance and denied it. (Dkt. No. 28-1 47-48.) Therefore the judicial branch had the opportunity to affect the order in which the Solicitor was calling cases. In light of the overwhelming evidence against Petitioner, additional time would not have changed the ultimate outcome of his trial. The Petitioner has failed to present any evidence to support that he was prejudiced by the timing of his trial. This court finds that the Petitioner's due process rights were not violated in the case at bar.

## **RECOMMENDATION**

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the Respondent's Motion for Summary Judgment (Dkt. No. 27) be **GRANTED.**

**IT IS SO RECOMMENDED.**

January 25, 2016

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).