IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Reginald Miller, | ) | Civil Action No. 2:15-19-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Respondent regarding Petitioner's *pro se* application for habeas relief pursuant to 28 U.S.C. § 2254. For the reasons given below, the Court adopts the Report and Recommendation and grants summary judgment for Respondent.

I. **Background**

The Spartanburg County Sheriff's Office arranged a drug transaction with Petitioner through a confidential informant, to take place at a restaurant on February 9, 2006. An arrest warrant for Petitioner had been issued two days previously. When officers approached Petitioner's vehicle to serve the warrant, Petitioner fled from the passenger side and ran to the restaurant, bag of cocaine in hand. But when he grabbed the handle to the restaurant's door, the bag of cocaine in his hand cocaine ruptured, sending white powder "everywhere." (Dkt. No. 28-2, at 69.) Officers recovered over 51 grams of powder cocaine and a set of digital scales from Petitioner at the scene. Officers further recovered approximately 20 grams of crack cocaine from Petitioner which he had hidden in his underwear, at the Spartanburg County Detention Center. Petitioner was released on bail.

-2-

On May 11, 2006, a grand jury indicted Petitioner for various cocaine trafficking offenses and for unlawful conduct toward a child. On June 14, 2006, the day before the commencement of trial, trial counsel relayed the solicitor's plea offer of eighteen years. (Dkt. No. 28-2, at 38–54.) Petitioner responded by skipping bail and failing to appear at trial. The next day, a bench warrant issued and Petitioner's trial commenced *in absentia*. (*Id.*) He was convicted that afternoon on two cocaine trafficking charges (he had earlier pled guilty to the unlawful conduct toward a child charge), and the trial court entered a sealed sentence. At sentencing, trial counsel successfully opposed the solicitor's request for Petitioner to be sentenced as a repeat offender (which would have resulted in a mandatory 25-year sentence). On August 1, 2006, Petitioner was apprehended in North Carolina. The trial court published its sentence of 23 years on April 13, 2007, granting credit for time served in North Carolina.

Petitioner appealed his convictions and sentences by way of an *Anders* brief. His appeal was summarily denied. He filed for post-conviction relief (PCR) on December 30, 2010 (amended March 31, 2012), claiming ineffective assistance of counsel. An evidentiary hearing was held on January 11, 2013, and his application was denied with prejudice on July 10, 2013. His SCRCP Rule 59(e) motion regarding that denial was denied on September 23, 2013, and his petition for a writ of certiorari to the South Carolina Supreme Court was denied on December 4, 2014 (remittitur issued December 22). He timely filed the instant *pro se* Petition on January 5, 2014, in which he asserts (under a single ground for relief) that trial counsel should have argued that the State's confidential informant was required to testify, that trial counsel was generally unprepared for trial, that trial counsel was ineffective in waiving opening and closing arguments, and that trial counsel was ineffective in failing to challenge the search that led to drugs being found on his person.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005,

1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

C.  **Habeas Corpus**

Claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also White*, 134 S. Ct. at 1702 (stating that "'[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented

in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement'") (quoting *Harrington*, 562 U.S. at 103).

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### D. Ineffective Assistance of Counsel

When claiming habeas relief due to ineffective assistance of counsel at trial, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must apply a "strong presumption" that trial counsel's representation fell within the

"'wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 131 S. Ct. at 787. This is a high standard, one in which a habeas petitioner alleging prejudice must show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would have been "reasonably likely" different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the Court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S. Ct. at 787–88; *Strickland*, 466 U.S. at 694.

### III. Analysis

Petitioner's claims that trial counsel's was ineffective with regard to the State's confidential informant are procedurally barred for the reasons given in the Report and Recommendation. These claims were not presented to the PCR court or to the South Carolina Supreme Court. Petitioner objects that PCR counsel was ineffective in failing to present these claims. *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012) (allowing that inadequate assistance of PCR counsel may establish cause for a procedural default of a claim of ineffective assistance of trial counsel). But even if cause for Petitioner's procedural default were assumed, Petitioner fails to demonstrate any possibility of prejudice. Petitioner ran when approached by law enforcement officers, who had a warrant for his arrest, and by the time they caught him he had managed to cover himself with his cocaine. And more cocaine was found in his underwear. He was not convicted on the word of an absent informant.

Petitioner also claims that trial counsel was inadequately prepared for trial. As noted in the Report and Recommendation, trial counsel did testify at the PCR hearing that the solicitor cut short his preparation time by calling the case to trial before many older cases, and that as a result he did not have as much preparation time as he wanted. And as the PCR court and Magistrate

Judge both found, that fact does not suggest deficient performance by trial counsel—after all, trial counsel also testified that he spent "a lot of time" on Petitioner's case. Petitioner must show that trial counsel's lack of preparation time led to some specific prejudice, *United States v. LaRouche*, 896 F.2d 815 (4th Cir. 1990), which Petitioner fails to do.

Petitioner's claims regarding trial counsel's preparation time is, if anything, a Fourteenth Amendment objection to the solicitor's control of the state criminal docket pursuant to S.C. Code § 1-7-330, not a Sixth Amendment objection to trial counsel's performance. The Magistrate Judge observes that Petitioner implicitly argues as much with his undeveloped assertion that he was somehow denied due process in the disposition of PCR counsel's Rule 59(e) motion. In that motion, PCR counsel argued that the solicitor set up a "trial by ambush" by trying the case when it called it for trial when it was only four months old and ahead of thousands of older cases. But Petitioner's argument is without merit for the reasons given in the Report and Recommendation. The law giving solicitor's control over the criminal docket was held unconstitutional on separation of powers grounds, but Petitioner "has 'no vested right in the order in which cases are assigned for trial.'" *State v. Langford*, 735 S.E.2d 471, 479 (2012) (quoting *Levine v. United States*, 182 F.2d 556, 559 (8th Cir. 1950)).) And even if a due process violation were assumed, he still "must demonstrate that he sustained prejudice as a result of the solicitor setting when his case was called for trial." (*Id.*) Here, trial counsel moved for a continuance and the trial court denied the motion. There was judicial review of the timing of Petitioner's trial before the trial. And Petitioner failed to present any evidence suggesting that he was prejudiced by the timing of his trial.

In his objections to the Report and Recommendation, Petitioner argues that more preparation time would have allowed trial counsel to move for suppression of the drugs found on his person. That objection overlaps with his assertion that trial counsel was ineffective in failing

to challenge the search because, he argues, law enforcement officers had no reason to stop or search him. That argument is also without merit. Law enforcement officers had an arrest warrant, which the PCR court found was not faulty. Also, Petitioner fled from officers when approached and was covered with cocaine when apprehended.

Finally, Petitioner's claim that trial counsel was ineffective in waiving opening and closing statements appears simply to assume that waiving opening and/or closing statements is *per se* ineffectiveness. There is no *per se* rule against waiving opening and/or closing statements (if there were, courts would not allow the waiver). At the PCR hearing, trial counsel asserted valid tactical reasons for waiving opening and closing statements. As the Magistrate Judge observes, "[i]t is not this court's place to second guess Counsel's decision." (R. & R. 11.) And Petitioner has not attempted to set forth what trial counsel possibly could have said that would have possibly changed the outcome, given that "[t]he evidence against Petitioner was more than overwhelming" and "was uncontroverted at trial and now." (*Id.* 12.)

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 32) as the Order of this Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 27), and **DISMISSES** the Petition (Dkt. No. 1).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any

-8-

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 19, 2016
Charleston, South Carolina